IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:18CR162 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| KELLAND JAMIESON WRIGHT, | ) | APPLICATION FOR PROTECTIVE |
| | ) | ORDER |
| Defendant. | ) | |

NOW COMES the United States, through the undersigned counsel, and pursuant to Criminal Rule of Procedure (16)(d)(1), applies to this Court for a Protective Order to restrict access to certain discovery materials. As grounds, the Government asserts as follows:

Most of the discovery in this case has been, and will continue to be, provided in digital format. At different stages of the case, the defense will be provided with compact discs or DVDs that contain scanned or electronic records. These discovery disbursements will include investigative reports, grand jury transcripts, interview reports, body camera footage and opinion letters from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). In the present case, the format in which most of the discovery will be provided greatly increases the risk of dissemination. In light of the proprietary information included in the discovery, including opinion letters from the ATF Firearms Technology Branch, dissemination of the information could lead to

severe consequences for third parties. Indeed, Federal Rule of Criminal Procedure 49.1(a) recognizes the sensitive nature of personally-identifying information by requiring parties to redact it from court filings.

The dissemination of certain discovery, including ATF letters, may jeopardize the privacy and third-parties that previously submitted proprietary information to ATF, but are not otherwise involved in this case. Accordingly, the restriction of certain discovery information is required to protect the personal and proprietary information of individuals involved in the case, preserve the integrity of the discovery process, and serve the ends of justice.

The Government proposes that the following procedures be implemented in order to ensure the safety of victims/witnesses, protect the personal information of individuals, and preserve the integrity of the discovery process while protecting the rights of the Defendant to the disclosure of evidence under Criminal Rule of Procedure 16 and to adequately assist counsel in the preparation of a defense.

(1) Counsel for the Government will clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc or DVD is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc or DVD.

(2) Items marked "Protected Material," which are disclosed to defendant's counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsel's representatives, agents, and staff.

(3) Counsel for Defendant may copy "Protected Material" and provide the copy, electronic or otherwise, of the "Protected Material" for the purpose of sharing the material with defense counsel's representatives, agents, and staff.

(4) The Defendant may not otherwise photocopy, photograph, or make any copy, electronic or otherwise, of the "Protected Material" discovery items.

(5) It is ordered that if the Defendant is in possession of a copy of "Protected Material," then the Defendant must maintain that copy in a secure location.

(6) The Defendant is prohibited from providing access to "Protected Material" discovery to any person who is not directly associated with his legal representation, except under the terms set forth in the Order.

(7) Counsel for Defendant herein is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

(8) The Defendant is prohibited from making use of the discovery items disbursed in the above-captioned case in any other proceedings, including any civil lawsuits or administrative proceedings.

*(intentionally left blank)*

For these reasons, the Government respectfully requests that this Court grant its application and issue a Protective Order restricting access to certain discovery materials except as set forth in this Court's Order.

                                        Respectfully submitted,

                                        JUSTIN E. HERDMAN
                                        United States Attorney

By:   /s/ Noah P. Hood
        Noah P. Hood (Reg. No. MI P75564)
        Assistant United States Attorney
        Four Seagate, Suite 308
        Toledo, OH 43604
        Tel.: (419) 259-6376
        Fax: (419) 259-6360
        Noah.Hood@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on this 31st day of July 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                /s/ Noah P. Hood
                Noah P. Hood
                Assistant U.S. Attorney