s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:18-CR-00162 |
| Plaintiff, | : | HON. JAMES G. CARR |
| vs. | : | **DEFENDANT'S OMNIBUS MOTION IN LIMINE, WITH MEMORANDUM IN SUPPORT** |
| Kelland Wright, | : | |
| Defendant. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Defendant Kelland J. Wright respectfully moves the Court for a liminal order excluding from the consideration of the jury (and the venire): (a) any reference to domestic violence, including domestic-violence allegations against Mr. Wright and his arrest based on those allegations; and (b) any reference to any prior conviction of Mr. Wright.

A memorandum in support of this motion follows.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:   (419) 241-6000
Fax:             (419) 247-1777
E-Mail:        asnightingale@eastmansmith.com

Attorney for Defendant Kelland J. Wright

## MEMORANDUM IN SUPPORT

### I. Exclusion of Domestic-Violence Allegations and Arrest

#### A. Background

On the evening of March 15, 2018, Toledo Police Department officers were dispatched to the home of Kelland and Christina Wright after a domestic dispute. Ms. Wright informed the officers that she and Mr. Wright had an argument which escalated and became physical. More specifically, Ms. Wright told officers Mr. Wright threw a cell phone at her (which did not strike her), and subsequently struck her once in the back of the head, near her right ear. After this altercation, Mr. Wright left the home.

A few hours later (*i.e.*, the early morning hours of March 16, 2018), Mr. Wright returned and was promptly arrested. As part of this arrest, officers seized and impounded all firearms and ammunition present in the home. Mr. Wright was booked and charged with two misdemeanor crimes: (a) Domestic Violence, in violation of R.C. 2919.25(A); and (b) Simple Assault, in violation of 2903.13(A). (Toledo Municipal Court Case No. CRB-18-03100). At his initial appearance later that morning, Mr. Wright entered a no-contest plea to an amended charge of Disorderly Conduct, and the Simple Assault charge was dismissed. Mr. Wright was referred to Veterans Treatment Court and is currently completing that process.

On April 4, 2018, an Indictment was filed in this Court charging Mr. Wright with one count of Possessing an Unregistered NFA Firearm (in this case, an alleged short-barreled rifle), in violation of 26 U.S.C. § 5861(d). (Doc. No. 3).[1] The weapon in question was seized from the Wright residence incident to the arrest described above.

---

[1] A Superseding Indictment was filed on July 11, 2018 for the sole purpose of adding a forfeiture specification. (Doc. No. 23).

**B. Law and Argument**

This Court should prohibit the Government from introducing evidence, or making any argument, which includes, references, or alludes to the domestic-violence and assault allegations made by Ms. Wright or Mr. Wright's subsequent arrest based on these allegations. The domestic-violence and assault allegations (and Mr. Wright's subsequent arrest) are not relevant under FED. R. EVID. 401, because they do not make any fact of consequence any more or less probable. And even if the allegations and arrest were relevant, any probative value is substantially outweighed by the danger of unfair prejudice under FED. R. EVID. 403. Injecting the specter of domestic violence or assault would serve no legitimate purpose at trial, and would be substantially likely to inflame the jury's emotions against Mr. Wright.

Mr. Wright recognizes that the Government is required to prove he possessed the weapon in question, as 26 U.S.C. § 5861(d) prohibits *possession* of unregistered NFA firearms. Mr. Wright is fully willing to stipulate to the "possession" element of this offense. However, Mr. Wright concedes that in the Sixth Circuit, "[t]he government is not required to accept the defendant's stipulation, and the defendant has no right to selectively stipulate to particular elements of the offense." *United States v. Hebeka*, 25 F.3d 287, 291 (6th Cir. 1994).

If the Government is unwilling to accept Mr. Wright's stipulation regarding possession and pushes forward with proving the possession element, it likely will attempt to introduce evidence that the weapon in question was seized by TPD officers incident to Mr. Wright's arrest for domestic violence and assault. But while the TPD's recovery of the weapon in question may be a proper area of inquiry, testimony and evidence on this issue should be limited to the presence of the weapon and any statement of ownership by Mr. Wright.

The fact of the weapon's presence in Mr. Wright's home is certainly probative of possession, and officers should be able to testify to that fact. However, there is absolutely no probative value in

Ms. Wright's allegations or in Mr. Wright's arrest, while the danger of unfair prejudice from this information is substantial. Similarly, the fact that Mr. Wright informed officers of the presence of the weapon[2] is probative of possession and, again, officers can testify about this statement (pursuant to FED. R. EVID. 801(d)(2)(A)). However, body-camera video of Mr. Wright making this statement while handcuffed and sitting on the ground in police custody carries a substantial danger of unfair prejudice which outweighs its probative value. The Government can adduce a wealth of possession-related evidence without disclosing Ms. Wright's allegations or Mr. Wright's arrest, and Mr. Wright's offer to stipulate to possession still stands. It will be sufficient to inform the jury that TPD officers were on scene investigating a domestic dispute.

### C. Conclusion

Based on the foregoing, the Government should not be permitted to introduce evidence of Mr. Wright's arrest and Ms. Wright's domestic-violence and assault allegations. This includes Ms. Wright's own statements, statements of police officers relating to Ms. Wright's allegations, and body camera footage which reveals the allegations or the arrest.

### II. Evidence of Prior Criminal Convictions

Mr. Wright also seeks a liminal order precluding the Government from attacking his credibility for truthfulness by evidence of a criminal conviction, should he choose to testify at trial in his own defense.

Mr. Wright has several prior criminal convictions. According to the Pretrial Services initial report, Mr. Wright does not have any prior felony convictions, but has prior misdemeanor convictions for OVI, assault, injury to personal property, and possession of small amounts of marijuana. As noted above, he has also pled no contest to disorderly conduct arising from domestic dispute described above.

---

[2]  Mr. Wright told officers at the scene, "I have an AR pistol in a bag."

Mr. Wright does not believe the Government intends to introduce evidence of any prior crimes under Fed. R. Evid. 404(b).  However, to the extent Mr. Wright elects to testify in his own defense, the Government may attempt to impeach Mr. Wright with evidence of these convictions pursuant to Fed. R. Evid. 609.

Fed. R. Evid. 609(a)(2) provides the following standard for impeachment with a non-felony conviction: "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).  None of Mr. Wright's prior convictions involved a dishonest act or false statement as an element of the offense.  Accordingly, should Mr. Wright choose to testify, the Government should be precluded from attacking his character for truthfulness by evidence of any criminal conviction.

Respectfully submitted,

EASTMAN & SMITH LTD.

 /s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:   (419) 241-6000
Fax:               (419) 247-1777
E-Mail:         asnightingale@eastmansmith.com

Attorney for Defendant Kelland Wright

4560818 .1

## **PROOF OF SERVICE**

This is to certify that a copy of the foregoing has been filed electronically this 10th day of September, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ Adam S. Nightingale
Attorney for Defendant Kelland Wright

4560818 .1