# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | CASE NO.  3:18CR162 |
| Plaintiff, | ) ) | HON. JUDGE JAMES G. CARR |
| v. | ) ) | |
| KELLAND JAMIESON WRIGHT | ) ) | |
| Defendant. | ) ) | |

NOW COME the Plaintiff United States of America and Defendant KELLAND JAMIESON WRIGHT, (collectively, the "Parties"), by and through their undersigned counsel, who respectfully submit the following Joint Proposed Jury Instructions including the parties' stipulation that the Defendant possessed the firearm at issue in this matter.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
By: /s/ Noah P. Hood
Noah P. Hood (Reg. No. MI P75564)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604
Tel.: (419) 259-6376
Fax: (419) 259-6360
Noah.Hood@usdoj.gov


By:      /s/ Jody L. King
Jody L. King (0094125)
Assistant United States Attorney
Four Seagate, Suite 308
Toledo, Ohio 43604
Phone: (419) 259-6376
Fax: (419) 259-6360
Email: Jody.King@usdoj.gov

EASTMAN & SMITH LTD.
By: /s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One Seagate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 2247-1777
E-Mail: asnightingale@eastmansmith.com
Attorney for Defendant Kelland Jamieson
Wright

## CRIMINAL JURY INSTRUCTIONS

### <u>Introduction</u>

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6) Please listen very carefully to everything I say.

Sixth Circuit Pattern Jury Inst. 1.01.

.

**Juror's Duties**

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3) The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.][1]

(4)  Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Sixth Circuit Pattern Jury Instruction 1.02.

---

[1] Section (3) "is bracketed to indicate that it should not be used in every case."  Committee Commentary Note 1.02.  For example, when these instructions are read before closing arguments, this instruction should be modified.  Committee Commentary Note 1.02.

## Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1) As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

Sixth Circuit Pattern Jury Instruction 1.03.

4

**Evidence Defined**

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

Sixth Circuit Pattern Jury Instruction 1.04.

5

**Consideration of Evidence**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Sixth Circuit Pattern Jury Instruction 1.05.

### Direct and Circumstantial Evidence

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Sixth Circuit Pattern Jury Instruction 1.06.

**Credibility of Witnesses**

(1) Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the

8

witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Sixth Circuit Pattern Jury Instructions 1.07.

**Number of Witnesses**

(1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

Sixth Circuit Pattern Jury Instruction 1.08.

**Lawyers' Objections**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Sixth Circuit Pattern Jury Instructions 1.09.

## **Defining the Crime and Related Matters**

### **Introduction**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

Sixth Circuit Pattern Jury Instructions 2.01.

**[Definition of the Crime][2]**

**Possession of an Unregistered Short-Barreled Rifle, in violation of 26 U.S.C. § 5861(d)**

(1)     Defendant KELLAND JAMIESON WRIGHT is charged with Possession of an Unregistered Short-barreled Rifle, in violation of 26 U.S.C. § 5861(d).

(2)     The indictment charges the offense as follows:

The Grand Jury charges:

On or about March 16, 2018, in the Northern District of Ohio, Western Division, the Defendant, KELLAND JAMIESON WRIGHT, knowingly possessed a firearm, as defined in 26 U.S.C. 5845(a)(3), to wit: a Sharps Bros. AR-15 pistol, model The Jack, bearing serial number JACK12022, modified to have a shoulder stock affixed and a fore grip affixed, and with a barrel length of approximately 9 and 7/8 inches, which was not registered to him in the National Firearms Registration and Transfer Record; all in violation of Title 26, United States Code, Section 5861(d).

---

[2] Defense counsel requests that the Court not include this instruction because is unnecessary given the explanation given in the following instruction.  Defense counsel does not read Pattern Instruction 2.02 to envision 2 separate instructions: one containing the verbatim indictment language and one containing the elements.  The Government requests that the verbatim language be included.

**Defining the Crime - Elements of the Offense[3]**

**Possession of an Unregistered Short-Barreled Rifle, in violation of 26 U.S.C. § 5861(d)**

(1)  The indictment accuses the defendant of Possession of a Short-Barreled Rifle in violation of federal law. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  First, the defendant knowingly possessed a firearm; and

(B)  Second, that this firearm had characteristics which required it to be registered in the National Firearms Registration and Transfer Record, specifically, that it is a rifle having a barrel of less than 16 inches in length; and

(C)  Third, the defendant knew that the firearm had those characteristics, specifically, that it was a rifle having a barrel of less than 16 inches in length; and

(D)  Fourth, the firearm was in operating condition; and

(E)  Fifth, the firearm was not registered in the National Firearms Registration and Transfer Record.  It does not matter whether the defendant knew the firearm was not registered or had to be registered.

(2)  Now I will give you more detailed instructions on some of these terms:

(A) An act is done "knowingly" when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.

---

[3] As there is no 6th Circuit Pattern instruction for this specific charge, the elements are modeled after Mod. Crim. Jury Instr. 3rd Cir. 6.26.5861 (2018) and Pattern Crim. Jury Instr. 5th Cir. 2.100 (2015).

14

(B)  The government is not required to prove that the defendant knew that he was required to register the firearm, but rather only that the defendant knew that the firearm had the characteristic of being a short-barreled rifle.  Ignorance of the law is not a defense to this charge.

[(C)  The term "firearm" includes a rifle having a barrel or barrels of less than 16 inches in length.][4]

(C)  The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Pattern Crim. Jury Instr. 6th Cir. 2.02 (2017 ed.), Pattern Crim. Jury Instr. 6th Cir. 2.02 (2017 ed.)

---

[4] Defense counsel requests that the Court remove the definition of "firearm."  It is unnecessary given the drafting of the elements above, because the 26 U.S.C. § 5845(a)(3) "firearm" definition is woven into the elements of the offense.  Further, including this definition will confuse the jury, because the term "firearm" is also used in its general (undefined) sense in the elements of the offense.  The Government consents to removing this separate instruction, but requests that the Court note this issue on the record.

## Actual and Constructive Possession

(1) Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime.  The law recognizes two kinds of possession--actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime.  This, of course, is all for you to decide.

Sixth Circuit Pattern Jury Instruction 2.10.

**Inferring Required Mental State**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

Sixth Circuit Pattern Jury Instruction 2.08.

**On or About**

(1) Next, I want to say a word about the date mentioned in the superseding indictment.

(2) The indictment charges that the crime happened "on or about" March 16, 2018.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

Sixth Circuit Pattern Jury Instruction 2.04.

## **<u>Special Evidentiary Matters</u>**

### **Introduction**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

Sixth Circuit Pattern Jury Instructions 7.01.

**Defendant's Election Not to Testify**

(1) A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2)  Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

Sixth Circuit Pattern Jury Instructions 7.02A.

**Defendant's Testimony**

(1)  You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)  You should consider those same things in evaluating the defendant's testimony.

Sixth Circuit Pattern Jury Instructions 7.02B.

21

**Witness Testifying to Both Facts and Opinions**

(1)  You have heard the testimony of Eve E. Eisenbise and Richard Vasquez who testified to both facts and opinions.  This type of testimony should be given the proper weight.

(2)  As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3)  As to the testimony on opinions, you do not have to accept the opinions of Officer Eisenbise or Mr. Vasquez.  In deciding how much weight to give the testimony, you should consider each witness's qualifications and how he or she reached the conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4)  Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Sixth Circuit Pattern Jury Instructions 7.03A.

**Character and Reputation of Defendant**

You have heard testimony about the defendant's good character. You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

Pattern Crim. Jury Instr. 6th Cir. 7.09

**Summaries and Other Materials Not Admitted in Evidence**

During the trial you have seen counsel use summaries, charts, drawing, calculations or similar material which were offered to assist in the presentation and understanding of the evidence. This material is not itself evidence and must not be considered as proof of any acts.

Pattern Crim. Jury Instr. 6th Cir. 7.12

**Other Acts of Defendant**

(1) You have heard testimony that the defendant committed acts other than the ones charged in the indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's intent, motive, opportunity, plan, knowledge, identity, absence of mistake, absence of accident.  You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for possession of an unregistered short-barreled rifle, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instructions 7.13.

## Deliberations and Verdict

### Introduction

(1)  That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)  The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)  Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4) One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  That should stay secret until you are finished.

Sixth Circuit Pattern Jury Instruction 8.01 (modified).

### Experiments, Research, Investigation and Outside Communications

(1)  Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Sixth Circuit Pattern Jury Instruction 8.02.

## Unanimous Verdict

(1)  Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)  To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)  To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)  Either way, guilty or not guilty, your verdict must be unanimous.

Sixth Circuit Pattern Jury Instruction 8.03.

## Duty to Deliberate

(1)  Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction 8.04.

**Punishment**

(1)  If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)  Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction 8.05.

**Verdict Form**

(1)  I have prepared verdict forms that you should use to record your verdict.  Each form reads as follows: _____.

(2)  If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms.  Each of you should then sign the forms, put the date on them, and return them to me.

Sixth Circuit Pattern Jury Instructions 8.06.

**Court Has No Opinion**

(1)  Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Sixth Circuit Pattern Jury Instruction No. 8.09, 2015 Edition.

**Juror Notes**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Sixth Circuit Pattern Jury Instruction No. 8.10, 2015 Edition.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CASE NO.  3:18CR162 |
| Plaintiff, | ) |
| v. | ) HON. JUDGE JAMES G. CARR |
| | ) |
| KELLAND JAMIESON WRIGHT | ) **VERDICT FORM:** |
| | ) **Count 1 – Possession of an Unregistered** |
| Defendant. | ) **Short-barreled Rifle** |
| | ) |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the defendant, KELLAND JAMIESON WRIGHT, as follows:

On **Count 1** of the Indictment (Possession of an Unregistered Short-barreled Rifle):

(Please circle "GUILTY" or "NOT GUILTY" below to signify your unanimous verdict.)

**GUILTY**                                          **NOT GUILTY**

1._____     7._____
      FOREPERSON

2._____     8._____

3._____     9._____

4._____     10._____

5._____     11._____

6._____     12._____

35

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 17, 2018, a copy of the foregoing Proposed Jury Instructions were filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt.  All other parties will be served by regular U.S. mail.