IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:18-CR-00162 |
| Plaintiff, | : | HON. JAMES G. CARR |
| vs. | : | **DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS** |
| Kelland Wright, | : | |
| Defendant. | : | |

Defendant respectfully requests the following questions be submitted to the venire during voir dire:

1. This case concerns a firearm, and that firearm will be present in the courtroom during trial. Would you feel uneasy or intimidated to be near a firearm in the courtroom?

2. Do you have any feelings or opinions about guns that would cause you to question your ability to be impartial in evaluating the evidence in this case?

3. Have you had any experiences with guns that might make you unable to be fair and impartial in this case?

4. Do you have any feelings or opinions about black people that would cause you to question your ability to be impartial in evaluating the evidence in this case?

5. Would the fact that Mr. Wright is a black man make it more difficult for you to decide a verdict in his favor than if he were white?

6. Have you had any experiences with black people that might make you unable to be fair and impartial in this case?

4578368 .1

7. Can you honestly assure the court that the race of the defendant will not affect your ability to be fair and impartial?

Further, Defendant specifically opposes the Government's second proposed voir dire question, which states:

> The United States Supreme Court has held that the Second Amendment's right to keep and bear arms "does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes" such as short-barreled shotguns and short-barreled rifles. Do you disagree with the Supreme Court's interpretation?

(Doc. No. 67). Several aspects of this proposed question are improper.

First, this question is engineered to give the jury the clear impression that Defendant is not a "law-abiding person" who possessed his firearm for a "lawful purpose" because the Government characterizes his weapon (the defense argues, improperly) as a "short-barreled rifle." Second, this question implies that the Second Amendment does not permit citizens to possess short-barreled rifles, which is of course incorrect; these weapons must just be registered with the NFRTR. Third, the Supreme Court decision to which the proposed question refers, *District of Columbia v. Heller*, 554 U.S. 570 (2008) makes no mention to short-barreled rifles; rather the decision states: "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." *Id.* at 625. And further, this sentence is merely one line of cherry-picked dicta from a 153-page opinion. The risk of unfair prejudice from this question substantially outweighs any information which may be gleaned from asking prospective jurors whether they disagree with a sentence of non-binding dicta buried in a lengthy Supreme Court decision. This is especially true where the Government has filed a motion in limine to remove all reference of the Second Amendment from trial (Doc. No. 42).

2

This question is misleading and risks injecting substantial prejudice into the venire. And further, this question is duplicative in light of the Government's other proposed Second-Amendment questions. Accordingly, the Government's second proposed voir dire question should not be submitted to the venire.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
E-Mail: asnightingale@eastmansmith.com

Attorney for Defendant Kelland Wright

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing has been filed electronically this 25th day of September, 2018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ Adam S. Nightingale
Attorney for Defendant Kelland Wright

3