IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:18CR162 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| KELLAND JAMIESON WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REQUESTED FORFEITURE JURY INSTRUCTIONS AND**

**SPECIAL VERDICT FORM FOR FORFEITURE**

The United States of America, through the undersigned Assistant United States Attorney, hereby submits the following proposed jury instructions and special verdict form for forfeiture.

Respectfully submitted,

Justin E. Herdman
United States Attorney, N.D. Ohio


By: /s/ James L. Morford .
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio
Carl B. Stokes U.S. Court House, Suite 400
801 West Superior Avenue
Cleveland, Ohio 44113
216.622.3743 / Fax: 216.522.7499
James.Morford@usdoj.gov

**United States' Requested Forfeiture Instruction No. 1:**

Members of the jury, you have one more task to perform before you are discharged. I must ask you to render a special verdict concerning property the United States alleges is subject to forfeiture.

Forfeiture is a sanction for committing a violation of certain federal laws. Forfeiture means that the United States takes away certain property that is connected to the offense for which the defendant was convicted.

---

Rule 32.2 - Federal Rules of Criminal Procedure.

**United States' Requested Forfeiture Instruction No. 2:**

You have found defendant Wright guilty of the firearms offense charged in Count 1 of the Indictment; namely, possession of an unregistered short-barreled rifle. With respect to this offense, the forfeiture laws of the United States provide that the following property is subject to forfeiture: Any and all firearms that were involved in the commission of the offense.

Specifically, in this case, the United States is seeking the forfeiture of the following firearm:

    i.) a Sharps Bros. AR-15 pistol, model The Jack, bearing serial number JACK12022, modified to have a shoulder stock affixed and a fore grip affixed, and with a barrel length of approximately 9 and 7/8 inches.

In this regard, you must determine whether the subject firearm was "involved in" the firearms offense (Count 1) committed by defendant Wright.

---

Rule 32.2 - Federal Rules of Criminal Procedure.

26 U.S.C. § 5872(a) and 28 U.S.C. § 2461(c).

**United States' Requested Forfeiture Instruction No. 3:**

You are instructed that your previous determination that defendant Wright is guilty of the firearms offense charged in Count 1 of the Indictment is binding on this part of the proceedings, and you must not discuss or determine anew whether he is guilty of that charge.

However, my previous instruction on the government's burden of proof regarding your verdict on the guilt of the defendant does **not** apply to your deliberations and verdict regarding forfeiture. In this part of the trial, the government's burden of proof is "by a preponderance of the evidence." That burden is unlike the burden imposed upon the government in the earlier part of the case, which, as I defined to you then, was proof "beyond a reasonable doubt." In this part of the case, the government need not prove the facts "beyond a reasonable doubt." To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

---

*United States v. Smith*, 966 F.2d 1045, 1050-1053 (6th Cir. 1992) (forfeiture is part of sentencing, which is governed by the preponderance standard; same standard applies to forfeiture of proceeds and facilitating property).

*United States v. Bevelle*, 2011 WL 3795692, at *7 (6th Cir. 2011) ("For property to be subject to forfeiture, the government must prove by a preponderance of the evidence that the property is the proceeds of the drug violation.").

*United States v. Corrado*, 227 F.3d 543, 550-551 (6th Cir. 2000) (*Corrado I*) (defendants were convicted of RICO conspiracy - *Apprendi v. New Jersey,* 530 U.S. 466 (2000) does not apply to criminal forfeiture; under *Libretti v. United States*, 516 U.S. 29 (1995), forfeiture is an aspect of the sentence, not a separate offense; therefore, forfeiture need not be proved beyond a reasonable

doubt); *United States v. Corrado*, 286 F.3d 934 (6th Cir. 2002) (*Corrado II*) (petition for rehearing denied).

*South-East Coal Company v. Consolidation Coal Company*, 434 F.2d 767, 778 (6th Cir. 1970) ("To establish the preponderance of the evidence means to prove that something is more likely so than not so; in other words, the 'preponderance of the evidence' means such evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely to be true than not true.").

**United States' Requested Forfeiture Instruction No. 4:**

Other than the standard of proof, all of the instructions previously given to you concerning your consideration of the evidence, the credibility or believability of the witnesses, your duty to deliberate together and the necessity of a unanimous verdict, will all continue to apply during your deliberations concerning the forfeiture.

**United States' Requested Forfeiture Instruction No. 5:**

  I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. Instead, you should focus only on deciding, as I have previously charged, whether the property was "involved in" the firearms offense (Count 1) committed by defendant Wright.

---

*United States v. Brown*, 2007 WL 470445, at *5 (M.D. Fla. 2007).

**United States' Requested Forfeiture Instruction No. 6:**

During your deliberations concerning the forfeiture, you may consider any evidence (including testimony) offered by the parties either before or after your previous deliberations concerning the guilt of defendant Wright.

A Special Verdict form has been prepared for your use. With respect to the subject firearms and miscellaneous ammunition, you are asked to determine whether that property was "involved in" the offense (Count 1) for which the defendant has been found guilty. You may answer the question by simply putting an "x" or check mark in the space provided next to the words "yes" or "no".

You will take this verdict form to the jury room and, when you have reached a unanimous agreement as to your verdict, you will have your foreperson date and complete the form and each of you will sign it. Then contact us and advise us that a verdict has been reached.

_____

Rule 32.2(b)(1)(B) - Federal Rules of Criminal Procedure.

*United States v. Brown*, 2007 WL 470445, at *5 (M.D. Fla. 2007).

*United States v. Sandini*, 816 F.2d 869, 873-874 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendant).

*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S. Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:18CR162 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| KELLAND JAMIESON WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | **SPECIAL VERDICT (FORFEITURE)** |

We, the jury, having found defendant Kelland Jamieson Wright guilty of the offense charged in Count 1 of the Indictment (namely, possession of an unregistered short-barreled rifle, return the following Special Verdict (Forfeiture):

1. Was the following firearm involved in the offense (Count 1) committed by defendant Wright?

> a Sharps Bros. AR-15 pistol, model The Jack, bearing serial number JACK12022, modified to have a shoulder stock affixed and a fore grip affixed, and with a barrel length of approximately 9 and 7/8 inches

> Yes: _____      No: _____

**Your deliberations are concluded. Please sign and date this Special Verdict form.**

Signatures of Jurors:

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____
                                                                                   Foreperson

Date: _____

## CERTIFICATE OF SERVICE

    It is hereby certified that on this 1st day of October, 2018, a copy of the foregoing Plaintiff's Requested Forfeiture Jury Instructions and Special Verdict Form for Forfeiture was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                          /s/ James L. Morford                 .
                                          James L. Morford (Ohio: 0005657)
                                          Assistant United States Attorney, N.D. Ohio